232

Rockingham,
No. 4620.

BAY STATE MERCHANTS NATIONAL BANK

*v.*

WILLIAM F. COLLINS & *a.*

Argued January 7, 1958.

Decided February 19, 1958.

*John B. Ford* (by brief and orally), for the plaintiff.

*Leahy & Denault* (*Mr. Denault* orally), for the defendant General Motors Acceptance Corporation.

The defendants William F. Collins and Roberts Motor Sales, Inc. entered no appearance.

BLANDIN, J. We agree with the plaintiff's contention that "the entire case turns" on whether at the time the defendant General Motors Acceptance Corporation repossessed the automobile on October 19, 1954, its conditional sales agreement of January 19, 1954, took precedence over the plaintiff's mortgage executed on August 2, 1954. The plaintiff bases its claim that its chattel mortgage takes precedence over the defendant's prior conditional sales agreement on the ground that the defendant failed to record

its contract within a certain twenty-day period as provided by RSA 361:15 relating to conditional sales. The plaintiff concedes that were it not for the twenty-day provision the defendant would prevail (see *Goudie* v. *Company*, 81 N. H. 88), since the law of New Hampshire where the conditional sales agreement was made did not require it to be recorded here upon execution (RSA 361:6), and no recording was required in Massachusetts where the car was first kept. Hence the agreement was valid in this state, unless it could be defeated for failure to comply with *s. 15, supra*. A fact frequently overlooked in such situations is that conditional sales are valid at common law and are invalid under a recording statute only to the extent that such statute provides. *Adams* v. *Lee*, 64 N. H. 421, and authorities cited; *Weeks* v. *Pike*, 60 N. H. 447; 3 Jones, Chattel Mortgages and Conditional Sales, *s.* 1072, *pp.* 147, 148. It follows from this that "Unless the legislature has interposed a recording statute as a bar or limitation of the rights of the seller under a contract of conditional sale, his retention of title pending the payment of the price by the vendee is unimpeachable as against the rights of all others, regardless of how innocently, or in what good faith those rights may have arisen." 3 Jones, *supra, s.* 1093, *p.* 167. Absent the statute a purchaser for value and without notice gains no rights against the seller. *Id.* See also, *Adams* v. *Lee, supra.*

The relevant sections of RSA ch. 361 are as follows: Section 5. "Every provision in a conditional sale reserving property in the seller, which is required to be recorded hereunder, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods for value . . . before the contract shall be recorded as hereinafter provided, unless such contract is so recorded within twenty days after the making of the conditional sale." Section 1 defines a purchase as including "mortgage and pledge" and a purchaser as including "mortagee and pledgee." Section 6 requires in substance that the contract shall be recorded "in the office of the clerk in the town . . . or place, if any, in which the goods are first kept for use in this state by the buyer after the sale . . . . " This section goes on to state that the contract to be valid need not be acknowledged or attested. Section 15 provides that "When, prior to the performance of the condition, the goods are removed by the buyer . . . from another state and are to be kept for more than thirty days in a recording district in this state where such contract is not recorded, the reservation

of the property in the seller shall be void as to the purchasers and creditors described in section 5, unless the conditional sale contract shall be recorded in the recording district to which the goods are so removed, within twenty days after the seller has received notice of the recording district to which the goods have been so removed. The provisions of this section shall not apply, however, to automobiles removed for vacation purposes . . . . " Notice is nowhere defined in chapter 361.

However, the Legislature evidently had in mind and distinguished from certain other goods automobiles which might be expected to be moved about and even to be out of their home district for periods of time, as is shown by the above section and section 1 previously quoted. In the circumstances, it appears to us that the sort of notice intended by the Legislature is one sufficient to make it reasonably clear to the seller that the automobile itself as distinguished from the vendee was not merely temporarily in another state but that its removal was the sort contemplated by the statute. *In re Bowman*, 36 F. (2d) 721; 78 C. J. S., Sales *s.* 578, *p.* 305. The rule has been stated as follows: "The notice contemplated by the statute need not be written. Actual notice, however conveyed, of the kind of removal contemplated by the statute is sufficient." 47 Am. Jur., Sales, *s.* 921, *p.* 130. It is undisputed that no written notice was ever given the defendant of the removal of the car to New Hampshire, and while such is not required by RSA 361:15, yet in its absence the Court had only the conflicting versions of the defendant Collins and the General Motors representatives upon which to base its conclusion that the defendant corporation never received notice of the removal of the car. True, there were records in the corporate files showing that it had addressed letters to Collins at his New Hampshire residence and treated him as living there after June 25, 1954. The Court has so found. However, we do not think this finding necessarily inconsistent, as claimed by the plaintiff, with the further finding that the defendant never received such notice of the removal of the automobile, as distinguished from the removal of Collins himself, as intended by the statute. The conflicting testimony was of course for the Court to resolve. We are content with its ruling that upon the findable facts notice of the removal of the automobile was not conveyed to the defendant with the reasonable certainty required by the statute prior to the repossession on October 19.

236

By statute the plaintiff's first mortgage, which was governed by the law of Massachusetts, was "not . . . valid against a person other than the parties" (Mass. G. L. (Ter. *ed.*) *c.* 255, *s.* 1) because never recorded. The plaintiff's second mortgage was governed by the law of this state, because executed with reference to it after Collins had moved to New Hampshire and the car was located here.

It thus appears that the prior conditional sales agreement of the defendant was valid as of October 19, 1954, when it repossessed the car, since it was unaffected by the twenty-day requirement. RSA 361:15. It, therefore, takes precedence over the subsequent mortgage of August 2, 1954, held by the plaintiff and unrecorded until October 27, 1954. *Baribault* v. *Robertson*, 82 N. H. 297. The conclusions reached render unnecessary consideration of other issues raised by the parties and all exceptions of merit being disposed of, the order is

*Judgment on the verdict.*

All concurred.